NORTON v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. STREET RAILROADS—INJURY TO PASSENGER—EVIDENCE.
In an action to recover damages for injuries received by plaintiff through the alleged negligence of the defendant, the plaintiff's version of the facts was that she was a passenger on one of the defendant's cars, and, upon her signal, the car was stopped, but that as she was alighting the car started suddenly, and threw her in front of a moving heavily loaded truck. Defendant's version was that she had completely alighted when the truck wedged her in, threw her down, and injured her. *Held*, on a review of the evidence, that the finding by the jury of defendant's negligence was sufficiently supported.

2. SAME.
*Held*, further, that it could not be concluded, because the place where she endeavored to alight happened to be dangerous, that she was bound to know the exact location of the truck, and was obliged to proceed on the car to some other point.

3. TRIAL—INSTRUCTIONS—GENERAL EXCEPTION.
Where the trial judge, in charging the jury, clearly states the necessity of plaintiff's showing absence of contributory negligence, his mere failure to reiterate that principle, in stating the law in other portions of the charge, cannot be availed of under a general exception to the charge.

4. SAME.
Where, upon a trial, no claim for punitive damages had been asserted or referred to, and none was within the issue, and the judge more than once charged that the damages were to be only compensatory, and the amount of the verdict was moderate, *held*, that his refusal to charge, in terms, that punitive damages were not to be awarded, did not constitute reversible error.

Appeal from trial term.

Action by Sarah A. Norton against the Third Avenue Railroad Company. From a judgment on a verdict and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Nathan Ottinger, for appellant.
Edward J. Dunphy, for respondent.

O'BRIEN, J. The plaintiff's story, in substance, was that she was a passenger upon one of the defendant's cars, and, desiring to alight at Pearl street, she gave notice of her intention; that the car stopped in response to the signal, and that while she was attempting to alight the car negligently and suddenly started, throwing her to the ground in front of a then moving heavily loaded truck, which passed over and crushed her. The defendant's version was that the plaintiff had completely alighted from the car, when a truck came along in such close proximity as to frighten her, and drive her against the car, and that, being wedged in between the car and the truck, she was struck by the latter, thrown down, and injured. The appellant insists that the verdict was against the weight of evidence, for the reason, as claimed, that the witnesses in support of the defendant's version were more credible than those produced by the plaintiff. All that need be said with respect to this contention is that the plaintiff was supported in the main by the testimony of one Goldman, and, although his testimony was considerably shaken upon cross-examination, yet upon the main points as to his having been present, and seen the accident, his evidence remains unimpaired; and, while some inconsistencies appear between the description of the accident given by him and the plaintiff, he substantially supports the plaintiff's version. Although there were more witnesses in point of numbers in favor of the defendant, it was for the jury to determine the weight and credibility to be attached to their testimony, and that question was properly submitted to them. If the plaintiff is to be believed,—and the jury have so concluded,—there was evidence from which they could infer that her injuries were the proximate result of the defendant's negligence, and were not entirely due to the negligence of the truck driver. Nor do we think that, upon the facts, it can be held as matter of law that the plaintiff was guilty of contributory negligence. Upon reaching her destination, she had the right to give the signal to stop the car; and if, as is now claimed, the place which she selected to get off was made dangerous, by the proximity of a truck, it was all the more reason for the defendant's affording her reasonable time to alight, and enabling her to select a safe position in the street, where she would not run the risk of being run down by a truck. It cannot be concluded, because the place where she endeavored to alight happened to be dangerous from the fact that the truck was approaching in close proximity to the car, that, therefore, she was bound to know the exact position of the truck, and to conclude that it was dangerous to alight, and that she was obliged to proceed on the car to some other point. As she testified, it was while she was in the act of alighting, and before an opportunity had been afforded her of stepping on the street, that the conductor gave the signal to start the car, and she was thrown off, and into a position where she received her injuries from the truck.

There are numerous exceptions urged against the validity of this judgment, based upon supposed errors in the judge's charge, and upon rulings admitting and excluding evidence. As to the latter, it need

only be said that they were harmless. With respect to the alleged errors in the charge, there are some of them with more merit; but, even as to these, which we shall endeavor briefly to point out, there is not sufficient to justify a reversal. Thus, the court's charge as to the degree of care which should be exercised by the defendant's employés, and their duty while a passenger is in the act of alighting, was correct; and, if the defendant had desired any qualification of the charge by a statement as to "reasonable time to alight," that suggestion should have been made to the court at the time, and is not available now, upon appeal under a general exception.

A like "criticism' is applicable to the exception taken to the court's charge, that "the defendant is liable for injuries sustained by plaintiff, if such injuries resulted from any negligent act or omission on the part of the defendant or its servants, and were in no manner caused or contributed to by the plaintiff." As we understand it, no fault is found with this as a correct proposition of law. But it is insisted that under it the jury were permitted to find negligence upon theories other than the alleged improper starting of the car. Undoubtedly, the trial judge would have confined his instruction within the suggested limits, if his attention had been called to the fact that it was too general. It is conceded that the burden placed upon the plaintiff of showing absence of contributory negligence was several times stated in the charge. But because, in stating the law in other portions of the charge, the court did not in each instance refer to the element of contributory negligence, it is urged that a general exception to the charge was sufficient. What we have already said disposes of such a contention.

Again, it is claimed that the court erred in the following statement: "And your power in this case, especially to discriminate between witnesses, not only as to intelligence, but capacity, is a thing of the utmost importance, judging the testimony of each person from the circumstances that surround them. Now, Mrs. Norton appears to be a respectable lady,—down to the witnesses who are the officers of the road." The error claimed is that the court, in effect, stated that the plaintiff was telling the truth and the defendant was not. We do not think that the language is susceptible of that interpretation; the fair inference from it being that the court presented Mrs. Norton and the officers of the road as all respectable people, leaving it to the jury to discriminate between them as to which they would believe.

Upon the question of damages, the law had been stated to the jury in different forms, and upon that subject we do not think they could have been misled. It would have been more satisfactory if the court had charged the whole of the defendant's fourteenth request, which was as follows: "If you should find a verdict for the plaintiff at all, you are to award only such damages as will compensate her for the injuries she has received, and you are not to give anything by way of example, vindictive damages, or smart money." The court charged in the language of the request, except that it omitted the last sentence, in regard to vindictive damages or smart money. As an abstract proposition, it was a correct request, and might very properly have been charged; but the omission referred to could have done no harm, for the reason that the first part of the request in plain language

told the jury that the damages were to be limited to such as would be compensatory, and this was enforced by other portions of the charge, in which the judge stated more than once that the amount which the plaintiff could receive was simply full compensatory damages for her injuries. There had been no claim asserted for punitive damages or smart money, and that subject had not been in any way referred to, nor was it within the issues of the case; and the court for that reason concluded that there was no propriety or advantage in placing such a question or subject before the jury, just as they were about to retire. That the defendant was not injured by such refusal is evidenced by the amount of the verdict, which was moderate, and into which we cannot see that the element of punitive damages or smart money entered. We have concluded, upon an examination of this record, that we should not be justified in reversing the judgment for errors in rulings, or setting aside the verdict, which, upon conflicting evidence, the jury resolved in the plaintiff's favor. The judgment should therefore be affirmed, with costs. All concur.